BERNSTEIN LITOWITZ BERGER
   & GROSSMANN LLP
BLAIR A. NICHOLAS (Bar No. 178428)
TIMOTHY A. DeLANGE (Bar No.190768)
NIKI L. MENDOZA (Bar No. 214646)
DAVID KAPLAN (Bar No. 230144)
JOSEPH W. GOODMAN (Bar No. 230161)
12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323
blairn@blbglaw.com
timothyd@blbglaw.com
nikim@blbglaw.com
davidk@blbglaw.com
joe.goodman@blbglaw.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE GOVERNMENT OF GUAM RETIREMENT FUND; MONTANA BOARD OF INVESTMENTS; MARYLAND STATE RETIREMENT AND PENSION SYSTEM; NORGES BANK; ROYAL MAIL PENSION PLAN; STICHTING PENSIOENFONDS ZORG EN WELZIJN REPRESENTED BY PGGM VERMOGENSBEHEER B.V.; THRIVENT FINANCIAL FOR LUTHERANS; ROBERT L. KOSNOSKI; THRIVENT FINANCIAL FOR LUTHERANS FOUNDATION; KALAMAZOO ANESTHESIOLOGY PSP FBO DR. BARBARA A. PAGE; THRIVENT LARGE CAP VALUE FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP STOCK PORTFOLIO, A | Case No. CV11-06239 MRP (MANx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANT KPMG LLP'S REQUEST FOR JUDICIAL NOTICE**<br><br>Date:     December 12, 2011<br>Time:    11:00 a.m.<br>Location:  Courtroom 12<br>Judge:    Hon. Mariana R. Pfaelzer |

SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT PARTNER ALL CAP PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT LARGE CAP VALUE PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT BALANCED FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP STOCK FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP INDEX FUND I, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP INDEX FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT BALANCED PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT LARGE CAP INDEX PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT FINANCIAL DEFINED BENEFIT PLAN TRUST; THRIVENT CORE BOND FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT BOND INDEX FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT BOND INDEX PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT INCOME FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LIMITED MATURITY BOND FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT INCOME PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT LIMITED MATURITY BOND PORTFOLIO, A

SERIES OF THRIVENT SERIES
FUND, INC.; THRIVENT LIFE
INSURANCE COMPANY;
AMERICAN CENTURY
INVESTMENT MANAGEMENT;
AMERICAN CENTURY CAPITAL
PORTFOLIOS, INC. – EQUITY
INDEX FUND; AMERICAN
CENTURY QUANTITATIVE
EQUITY FUNDS, INC. – INCOME &
GROWTH FUND; AMERICAN
CENTURY VARIABLE
PORTFOLIOS, INC. – VP INCOME &
GROWTH FUND; NUVEEN
INVESTMENTS, INC.; NUVEEN
EQUITY PREMIUM OPPORTUNITY
FUND; NUVEEN GROWTH
ALLOCATION FUND, A SERIES OF
NUVEEN INVESTMENT TRUST;
NUVEEN MULTI-MANAGER
LARGE-CAP VALUE FUND, A
SERIES OF NUVEEN INVESTMENT
TRUST; NUVEEN NWQ LARGE-CAP
VALUE FUND, A SERIES OF
NUVEEN INVESTMENT TRUST;
NUVEEN NWQ MULTI-CAP VALUE
FUND, A SERIES OF NUVEEN
INVESTMENT TRUST; NUVEEN
SANTA BARBARA DIVIDEND
GROWTH FUND, A SERIES OF
NUVEEN INVESTMENT TRUST II;
NUVEEN QUALITY PREFERRED
INCOME FUND; NUVEEN MULTI-
STRATEGY INCOME AND
GROWTH FUND 2; NUVEEN
QUALITY PREFERRED INCOME
FUND 2; NUVEEN QUALITY
PREFERRED INCOME FUND 3;
NUVEEN MULTI-
STRATEGY INCOME AND
GROWTH FUND; SUNAMERICA

ASSET MANAGEMENT CORP.;
STRATEGIC MULTI-ASSET
PORTFOLIO, A SERIES OF ANCHOR
SERIES TRUST; FOCUS GROWTH
PORTFOLIO, A SERIES OF
SEASONS SERIES TRUST; LARGE
CAP COMPOSITE PORTFOLIO
(MERGED INTO THE LARGE CAP
GROWTH PORTFOLIO, A SERIES
OF SEASONS SERIES TRUST), A
SERIES OF SEASONS SERIES
TRUST; LARGE CAP GROWTH
PORTFOLIO, A SERIES OF
SEASONS SERIES TRUST; LARGE
CAP VALUE PORTFOLIO, A SERIES
OF SEASONS SERIES TRUST;
STOCK PORTFOLIO, A SERIES OF
SEASONS SERIES TRUST;
FOCUSED VALUE PORTFOLIO
(RENAMED SUNAMERICA
STRATEGIC VALUE PORTFOLIO),
A SERIES OF SUNAMERICA
FOCUSED SERIES, INC. (RENAMED
SUNAMERICA SERIES, INC.);
EQUITY INDEX PORTFOLIO, A
SERIES OF SUNAMERICA SERIES
TRUST; MFS TOTAL RETURN
PORTFOLIO, A SERIES OF
SUNAMERICA SERIES TRUST;
ASSET ALLOCATION FUND, A
SERIES OF VALIC COMPANY I;
BLUE CHIP GROWTH FUND, A
SERIES OF VALIC COMPANY I;
DIVIDEND VALUE FUND, A SERIES
OF VALIC COMPANY I; STOCK
INDEX FUND, A SERIES OF VALIC
COMPANY I; T. ROWE PRICE
ASSOCIATES, INC.; T. ROWE PRICE
EQUITY INCOME FUND; T. ROWE
PRICE GROWTH STOCK FUND; T.
ROWE PRICE VALUE FUND; T.

ROWE PRICE BLUE CHIP GROWTH FUND; T. ROWE PRICE EQUITY INCOME PORTFOLIO; T. ROWE PRICE EQUITY INDEX 500 FUND; T. ROWE PRICE PERSONAL STRATEGY GROWTH FUND; T. ROWE PRICE PERSONAL STRATEGY BALANCED FUND; T. ROWE PRICE FINANCIAL SERVICES; T. ROWE PRICE GROWTH & INCOME FUND; T. ROWE PRICE NEW AMERICA GROWTH FUND; T. ROWE PRICE PERSONAL STRATEGY INCOME FUND; T. ROWE PRICE CAPITAL OPPORTUNITY FUND; T. ROWE PRICE BLUE CHIP GROWTH PORTFOLIO; T. ROWE PRICE NEW INCOME FUND; T. ROWE PRICE PERSONAL STRATEGY BALANCED PORTFOLIO; T. ROWE PRICE SHORT-TERM BOND FUND; T. ROWE PRICE TOTAL EQUITY MARKET INDEX FUND; T. ROWE PRICE NEW AMERICA GROWTH PORTFOLIO; T. ROWE PRICE BALANCED FUND; T. ROWE PRICE INSTITUTIONAL U.S. STRUCTURED RESEARCH FUND; T. ROWE PRICE INSTITUTIONAL LARGE-CAP CORE GROWTH FUND; T. ROWE PRICE INFLATION FOCUSED BOND FUND; T. ROWE PRICE GEORGIA TAX-FREE BOND FUND; T. ROWE PRICE EQUITY INDEX 500 PORTFOLIO; T. ROWE PRICE LIMITED-TERM BOND PORTFOLIO; T. ROWE PRICE STRUCTURED RESEARCH COMMON TRUST FUND; T. ROWE PRICE EQUITY INCOME TRUST; T.

PLAINTIFFS' OPPOSITION TO
KPMG'S REQUEST FOR JUDICIAL NOTICE
Case No. CV11-6239 MRP (MANx)

ROWE PRICE EQUITY INDEX TRUST; T. ROWE PRICE STABLE VALUE COMMON TRUST FUND; T. ROWE PRICE GROWTH AND INCOME TRUST; ALASKA LARGE-CAP TRUST; T. ROWE PRICE MANAGED BOND COMMON TRUST FUND; T. ROWE PRICE GROWTH STOCK TRUST; T. ROWE PRICE BOND INDEX TRUST; ALASKA MONEY MARKET TRUST; ALASKA INTERNATIONAL TRUST; TEACHER RETIREMENT SYSTEM OF TEXAS; TEACHERS INSURANCE AND ANNUITY ASSOCIATION – COLLEGE RETIREMENT SERVICES; COLLEGE RETIREMENT EQUITIES FUND EQUITY INDEX ACCOUNT; COLLEGE RETIREMENT EQUITIES FUND GLOBAL EQUITIES ACCOUNT; COLLEGE RETIREMENT EQUITIES FUND STOCK ACCOUNT; TIAA-CREF ASSET MANAGEMENT COMMINGLED FUNDS TRUST I LARGE CAP VALUE FUND; TIAA SEPARATE ACCOUNT VA-1 STOCK INDEX ACCOUNT; TIAA-CREF FUNDS EQUITY INDEX FUND; TIAA-CREF FUNDS LARGE-CAP VALUE FUND; TIAA-CREF FUNDS LARGE-CAP VALUE INDEX FUND; TIAA-CREF FUNDS S&P 500 INDEX FUND; TIAA-CREF LIFE FUNDS LARGE-CAP VALUE FUND; TIAA-CREF LIFE FUNDS STOCK INDEX FUND; CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; BLACKROCK FINANCIAL MANAGEMENT, INC.; OBSIDIAN

MASTER FUND TRUST;
AUSGLEICHSFONDS DER ALTERS
- UND
HINTERLASSENENVERSICHERUN
G; MASTER S&P 500 INDEX SERIES
OF QUANTITATIVE MASTER
SERIES TRUST; EQUITY INDEX
TRUST; LARGE CAP VALUE INDEX
TRUST OF QA COLLECTIVE TRUST
SERIES; RUSSELL 1000 ALPHA
TILTS FUND B; EQUITY INDEX
FUND; ALPHA TILTS FUND B;
iSHARES S&P 500 INDEX FUND;
iSHARES RUSSELL 1000 VALUE
FUND; RUSSELL 1000 INDEX
FUND; RUSSELL 1000 VALUE
FUND; RUSSELL 1000 ALPHA
TILTS BL; ACTIVE STOCK FUND E;
ASCENT LIFE US EQUITY FUND;
iSHARES S&P 500 GROWTH FUND;
BARCLAYS INTERNATIONAL
FUNDS - USA EQUITY FUND;
RUSSELL 1000 VALUE FUND B;
RUSSELL 3000 INDEX FUND; US
ALPHA TILTS – TOKYO PENSION
CLIENTS; NC R3000 TILTS SEP
ACCT; RUSSELL 1000 VALUE
ALPHA TILTS FUND B; EQUITY
INDEX FUND B; LARGE
CAPITALIZATION CORE TILTS
FUND B; U.S. EQUITY MARKET
FUND B; ACTIVE STOCK MASTER
PORTFOLIO; OMERS RUSSELL 1000
ENHANCED INDEX MANDATE;
BLACKROCK CDN US ALPHA
TILTS NON-TAXABLE FUND; FMC-
US R3000 ALPHA TILTS U/A;
iSHARES RUSSELL 1000 INDX
FUND; BLACKROCK CDN US
EQUITY INDEX NON-TAXABLE
FUND; iSHARES RUSSELL 3000

PLAINTIFFS' OPPOSITION TO
KPMG'S REQUEST FOR JUDICIAL NOTICE
Case No. CV11-6239 MRP (MANx)

INDEX FUND; iSHARES DOW JONES US FINANCIAL SECTOR INDEX FUND; CDP ALPHA TILTS SEPARATE ACCOUNT; MSCI U.S. EQUITY INDEX FUND B; NZ SUPER US TILTS; LUCENT EQ INDX SEP ACCT; AQUILA LIFE US EQUITY INDEX FUND; and ASCENT LIFE US EQUITY FUND,

                    Plaintiffs,

      v.

COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE CAPITAL V, BANK OF AMERICA CORPORATION, ANGELO R. MOZILO, DAVID SAMBOL, ERIC P. SIERACKI, and KPMG LLP,

                    Defendants.

Plaintiffs respectfully submit this opposition to Defendant KPMG LLP's Request for Judicial Notice (ECF No. 24-2), filed on October 7, 2011 ("KPMG RJN").

## I.   __INTRODUCTION__

In connection with its motion to dismiss ("KPMG Mem."), KPMG asks the Court to take judicial notice of approximately 350 pages of additional materials. Plaintiffs do not oppose judicial notice of most of the publicly available documents to the extent KPMG simply seeks notice of the documents' existence or contents. KPMG's request goes too far, however, as certain documents are not suitable for judicial notice at all, and several have no relevance to the sufficiency of the allegations in the Complaint in any event.  The Court should refuse to take judicial notice of these materials.   Finally, KPMG asks the Court to draw improper inferences based on certain documents and the "absence" of a restatement.  Judicial notice of such matters is inappropriate, particularly for the purposes requested by KPMG.

## II.   __LEGAL STANDARD__

As a general rule, when considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a "court may not consider material outside the pleading (*e.g.*, facts presented in briefs, affidavits, or discovery materials)." *Patel v. Parnes*, 253 F.R.D. 531, 544 (C.D. Cal. 2008) (citing *In re Am. Cont'l Corp./Lincoln Sav. & Loan Sec. Litig.*, 102 F.3d 1524, 1537 (9th Cir. 1996)). There are only two limited exceptions to this rule.  First, a court may consider documents attached to a complaint or documents referenced in the complaint when their authenticity is not questioned.  *See, e.g., Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001).  Second, a court may take judicial notice of matters to the extent permitted by Rule 201 of the Federal Rules of Evidence.  *Id.* at 688-89. Under Rule 201(b), a court may only take judicial notice of a fact that is "not subject to reasonable dispute in that it is either (1) generally known within the

1   territorial jurisdiction of the trial court or (2) capable of accurate and ready

2   determination by resort to sources whose accuracy cannot reasonably be

3   questioned."

4       Importantly, when a court takes judicial notice of a document, the scope of

5   judicial notice extends only to the *existence* of the document and statements

6   contained in the document.  *Lee*, 250 F.3d at 689.  Thus, "[t]he truth of the content,

7   and the inferences properly drawn from them," are not proper subjects of judicial

8   notice under Rule 201.  *Patel*, 253 F.R.D. at 546 (collecting cases).

9   **III.**   **ARGUMENT**

10      **A.**    **SEC's Motion *in Limine* (Ex. 1)**

11      KPMG asks the Court to take judicial notice of a motion *in limine* filed by

12  the SEC in its action against Angelo Mozilo, David Sambol, and Eric Sieracki.

13  *See* Ex. 1.[1]  KPMG asks the Court to consider statements in the SEC's motion as

14  evidence that KPMG did not make any material misstatements, asserting that the

15  SEC conducted an examination and "has not alleged that any of the quantitative

16  data set forth in Countrywide's financial statements was inaccurate or

17  misreported[,] . . . [n]or has the [SEC] alleged that Countrywide's accounting

18  failed to conform to GAAP."  KPMG RJN at 5; KPMG Mem. at 2, 22, & 28 n.15.

19  This request should be denied for at least two reasons.

20      First, KPMG's request should be rejected because – even assuming the

21  Court could accept certain statements in the motion in limine for their truth and

22  weigh evidence at this stage of the proceeding – the motion and its contents are not

23  relevant to the sufficiency of Plaintiffs' allegations.  Whether the SEC intended to

24  pursue certain allegations against certain Countrywide officers at trial in that action

25  has no evidentiary value with regard to whether Plaintiffs have sufficiently *alleged*

26  that KPMG made material misstatements.  The motion is not a finding of fact by

27  _____

28  [1] "Ex. _" refers to an exhibit to KPMG RJN.

the SEC that Countrywide or KPMG did not make material misstatements.  The SEC may have decided to include or exclude certain allegations against Countrywide officers for a host of reasons, most of which have no relation to the underlying merits of such allegations.  Notably, none of the out-of-circuit cases cited by KPMG regarding actions by a government entity concern a request such as this – asking the Court to take notice of certain statements in a motion for their truth and weigh evidence – and thus offer no support for the request here.  *See* KPMG RJN at 5-6 (citing cases).  Moreover, the fact that the SEC did not include certain allegations in its action stands in sharp contrast to this Court's prior orders sustaining claims based on similar allegations against KPMG and other defendants in the related Countrywide securities class action and the State of Michigan opt-out suit.  *In re Countrywide Fin. Corp. Sec. Litig.*, 588 F. Supp. 2d 1132 (C.D. Cal. 2008) ("*Countrywide I*"); *In re Countrywide Fin. Corp. Sec. Litig.*, 2009 WL 943271, at *3, *9 (C.D. Cal. April 6, 2009) ("*Countrywide II*"); *State Treasurer of the State of Michigan v. Countrywide Fin. Corp.*, CV-11-00809-MRP, ECF No. 130, slip op. (C.D. Cal. August 22, 2011) ("*Michigan*").  It also stands in stark contrast to the $24 million KPMG agreed to pay to settle the claims against it in the class action – a fact of which KPMG does not seek judicial notice.

Second, KPMG's request should be rejected because it seeks judicial notice for an improper purpose.  KPMG asks the Court to weigh as evidence that the SEC stated in a motion that it did not make certain allegations.  Judicial notice of such "facts" is wholly improper, particularly at this stage of the proceedings where the focus is on the sufficiency of the allegations in the Complaint.  *Lee*, 250 F.3d at 688-89 ("court may not take judicial notice of a fact 'subject to reasonable dispute'"); Fed. R. Evid. 201(b).  Indeed, whether statements in Countrywide's public filings were false or misleading is central to the dispute in this matter.

Finally, should the Court decide to take judicial notice of the motion, such notice should be limited to the fact that the motion was filed and that certain

statements appear in the motion. "The truth of the content, *and the inferences properly drawn from them*," are not proper subjects of judicial notice under Rule 201. *Patel*, 253 F.R.D. at 546 (emphasis added); *see also Metro. Creditors' Trust v. PricewaterhouseCoopers, LLP*, 463 F. Supp. 2d 1193, 1198 (E.D. Wash. 2006) ("[T]he Court may take notice of the fact that the SEC has filed a criminal complaint against Sandifur in the Western District of Washington. It may also take judicial notice of the fact that a class action is pending against Metropolitan in this Court. *The Court may not, however, accept any of the allegations of these complaints as true*.").(emphasis added).[2]

**B.     Statement of Financial Accounting Standards No. 154 (Ex. 2)**

Next, KPMG asks the Court to take judicial notice of an excerpt from Statement of Financial Accounting Standards No. 154 ("FASB 154"), which concerns accounting errors and restatements. *See* Ex. 2. In the Request for Judicial Notice, KPMG argues that the Court should take judicial notice of FASB 154 and conclude that Countrywide's financial statements did not contain any misstatements because Countrywide never issued a restatement. KPMG RJN at 6; *see also* KPMG Mem. at 22. Not only is this argument entirely circular, but the request should be rejected for all of the reasons set forth below in Section III.E. – including because this Court has already upheld federal securities claims against KPMG and because the defendants in this action could exercise control over whether Countrywide would issue a restatement. *See Countrywide II*, 2009 WL 943271, at *3; *Countrywide I*, 588 F. Supp. 2d at 1182.

---

[2] KPMG also notes that courts may consider documents referenced in a complaint (KPMG RJN at 1-2, 4), but that observation has no bearing here, as the motion *in limine* is not referenced in Plaintiffs' complaint.

1    Moreover, the contours of accounting standards and whether certain
2    statements (or the lack of a restatement) complied with those requirements are
3    questions of fact generally requiring expert testimony.  As one court explained:

4        Defendant's substantive argument that the transaction alleged to occur
5        during the quarter ending March 31, 2001, complied with the relevant
6        GAAP provisions, including specifically FAS 48, is not appropriate at
7        this time.  Not only does Defendant fail to identify any authority to
8        that effect, Defendant again asks the Court to examine the merits of
9        the complaint.   Whether Lantronix's accounting practices and
10       Defendant's actions were consistent with GAAP is a question of fact,
11       best resolved by expert testimony.  Because the Court is required to
12       credit the SEC's allegations as true, the Court may not make such a
13       factual determination at this pleading stage.

14   *SEC v. Cotton*, 2006 WL 6382128, at *8 (C.D. Cal. Dec. 21, 2006) (citations
15   omitted); *see also U.S. v. Turner*, 2007 WL 1367597, at *1 (W.D. Wash. May 8,
16   2007) ("expert testimony is generally required, or at least preferred, in order to
17   prove the scope of Generally Accepted Accounting Principles ('GAAP') as well as
18   whether particular practices do - or do not - qualify as GAAP"); *In re Burlington
19   Coat Factory Sec. Litig.*, 114 F.3d 1410, 1421 (3d Cir. 1997) ("[I]t is a factual
20   question whether [the defendant's] accounting practices were consistent with
21   GAAP."); *SEC v. Caserta*, 75 F. Supp. 2d 79, 91 (E.D.N.Y. 1999) (GAAP
22   violations are "a fact-specific issue" that frequently "turn[] on expert testimony.").
23   In sum, Plaintiffs dispute whether KPMG's statements were false and misleading,
24   and judicial notice with regard to such disputed facts is impermissible under Rule
25   201.

26       **C.    SEC filings (Exs. 3-10)**

27       KPMG requests that the Court take judicial notice of various documents
28   filed by Countrywide with the SEC.  *See* Exs. 3-10.  Plaintiffs do not oppose

1  judicial notice of the filings' existence and their contents.  Judicial notice for the
2  truth of any statements in the filings, however, would be improper.

3      **D.    Complaints and Press Releases (Exs. 11-**
4              **21)**

5      KPMG asks the Court to take judicial notice of various complaints and press
6  releases.  *See* Exs. 11-21.  Plaintiffs do not oppose judicial notice of these materials
7  for the fact that they were published and contain certain statements.  Judicial notice
8  for any other purpose would be improper.

9      **E.    Lack of Restatement (Fact 1)**

10      Finally, KPMG requests that the Court take judicial notice of the fact that
11  Countrywide did not issue restated financials as evidence that Countrywide "has
12  never been required to restate its financial statements for the fiscal years ending
13  December 31, 2004, December 31, 2005 and December 31, 2006."  *See* KPMG
14  RJN at 7 & Fact 1; KPMG Mem. at 22 (relying on lack of restatement).  KPMG
15  cites no case in which a court has granted a request for judicial notice of such a
16  "fact," and Plaintiffs are not aware of any.  Whether Countrywide's financial
17  statements were accurate during the relevant period is a central dispute in this case,
18  and taking judicial notice with regard to a central factual dispute is improper under
19  Rule 201.  Moreover, the mere fact that Countrywide did not file a restatement
20  does not prove that it did not violate the federal securities laws.  This Court has
21  already held that, even absent a restatement, federal securities law claims against
22  KPMG were sufficiently pleaded.  *See Countrywide II*, 2009 WL 943271, at *3;
23  *Countrywide I*, 588 F. Supp. 2d at 1182.  The absence of a restatement does not
24  insulate KPMG from violations of the federal securities laws.  *See, e.g.*, *In re LDK*
25  *Solar Sec. Litig.*, 584 F. Supp. 2d 1230, 1245-46 (N.D. Cal. 2008) ("[T]he lack of a
26  restatement did not mean that LDK only engaged in legitimate conduct.").  The
27  First Circuit has explained the perverse incentives such a rule would create, given

28

the control accountants and company officers have over the issuance of a restatement:

> [T]he fact that the financial statements for the year in question were not restated does not end Aldridge's case when he has otherwise met the pleading requirements of the PSLRA.  To hold otherwise would shift to accountants the responsibility that belongs to the courts.  It would also allow officers and directors of corporations to exercise an unwarranted degree of control over whether they are sued, because they must agree to a restatement of the financial statements.

*Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 83 (1st Cir. 2002); *cf. In re Worlds of Wonder Sec. Litig.*, 35 F.3d 1407, 1422 (9th Cir. 1994) (reversing district court's granting of summary judgment and rejecting rule that would permit auditor to negate liability under § 11 of the Securities Act if it could show that the company never admitted that its financials contained material errors; such a rule would "eviscerate the statute" because "[c]ompanies and their auditors could immunize themselves from § 11 liability for false and even fraudulent financial statements simply by refusing to admit their falsity").  Accordingly, the Court should refuse to take judicial notice of the lack of a restatement.

Dated: November 7, 2011                    Respectfully submitted,

                                           BERNSTEIN LITOWITZ BERGER
                                           & GROSSMANN LLP

                                           BLAIR A. NICHOLAS

                                           BLAIR A. NICHOLAS (Bar No. 178428)
                                           TIMOTHY A. DeLANGE (Bar No.190768)
                                           NIKI L. MENDOZA (Bar No. 214646)
                                           DAVID KAPLAN (Bar No. 230144)
                                           JOSEPH W. GOODMAN (Bar No. 230161)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

12481 High Bluff Drive, Suite 300
San Diego, CA 92130
Tel:    (858) 793-0070
Fax:   (858) 793-0323
blairn@blbglaw.com
timothyd@blbglaw.com
nikim@blbglaw.com
davidk@blbglaw.com
joe.goodman@blbglaw.com

*Counsel for Plaintiffs*