| | |
|---|---|
| 1 | Bingham McCutcheon LLP |
| | GWYN QUILLEN (SBN 138428) |
| 2 | J. WARREN RISSIER (SBN 197939) |
| | The Water Garden |
| 3 | Fourth Floor, North Tower |
| | 1620 26th Street |
| 4 | Santa Monica, CA  90404-4060 |
| | Telephone:  310.907.1000 |
| 5 | Facsimile:   310.907.2000 |
| | Email:   gwyn.quillen@bingham.com |
| 6 |              warren.rissier@bingham.com |
| 7 | Bingham McCutcheon LLP |
| | TODD E. GORDINIER (SBN 82200) |
| 8 | EDWARD S. KIM (SBN 192856) |
| | CRAIG A. TAGGART (SBN 239168) |
| 9 | 600 Anton Boulevard, 18th Floor |
| | Costa Mesa, CA  92626-1924 |
| 10 | Telephone:  714.830.0600 |
| | Facsimile:   714.830.0700 |
| 11 | Email:   todd.gordinier@bingham.com |
| |              edward.kim@bingham.com |
| 12 |              craig.taggart@bingham.com |
| 13 | Attorneys for Defendant KPMG LLP |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| 17 | THE GOVERNMENT OF GUAM RETIREMENT FUND; MONTANA BOARD OF INVESTMENTS; MARYLAND STATE RETIREMENT AND PENSION SYSTEM; NORGES BANK; ROYAL MAIL PENSION PLAN; STICHTING PENSIOENFONDS ZORG EN WELZIJN REPRESENTED BY PGGM VERMOGENSBEHEER B.V.; THRIVENT FINANCIAL FOR LUTHERANS; ROBERT L. KOSNOSKI; THRIVENT FINANCIAL FOR LUTHERANS FOUNDATION; KALAMAZOO ANESTHESIOLOGY PSP FBO DR BARBARA A. PAGE; THRIVENT LARGE CAP VALUE FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP STOCK PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT PARTNER ALL CAP PORTFOLIO, A SERIES OF THRIVENT SERIES FUND,INC.; THRIVENT | Case No. CV11-06239 MRP (MANx) **REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF KPMG LLP'S REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF ITS MOTION TO DISMISS COMPLAINT** [Reply Memorandum Of Points And Authorities In Support Of KPMG LLP's Motion To Dismiss Complaint, and Supplemental Notice Of Request And Request For Judicial Notice filed concurrently] Date:     December 12, 2011 Time:     11:00 a.m. Ctrm:     12 Judge:    Hon. Mariana R. Pfaelzer |

A/74596852.6/2010022-0000328518

| | |
|---|---|
| 1 | LARGE CAP VALUE PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT BALANCED FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP STOCK FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP INDEX FUND I, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LARGE CAP INDEX FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT BALANCED PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT LARGE CAP INDEX PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT FINANCIAL DEFINED BENEFIT PLAN TRUST; THRIVENT CORE BOND FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT BOND INDEX FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT BOND INDEX PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT INCOME FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT LIMITED MATURITY BOND FUND, A SERIES OF THRIVENT MUTUAL FUNDS; THRIVENT INCOME PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT LIMITED MATURITY BOND PORTFOLIO, A SERIES OF THRIVENT SERIES FUND, INC.; THRIVENT LIFE INSURANCE COMPANY; AMERICAN CENTURY INVESTMENT MANAGEMENT; AMERICAN CENTURY CAPITAL PORTFOLIOS, INC. - EQUITY INDEX FUND; AMERICAN CENTURY QUANTITATIVE EQUITY FUNDS, INC. - INCOME & GROWTH FUND; AMERICAN CENTURY VARIABLE PORTFOLIOS, INC. - VP INCOME & GROWTH FUND; NUVEEN INVESTMENTS, INC.; NUVEEN EQUITY PREMIUM OPPORTUNITY FUND; NUVEEN GROWTH ALLOCATION FUND, A SERIES OF NUVEEN INVESTMENT TRUST; NUVEEN MULTI-MANAGER LARGE-CAP VALUE FUND, A SERIES OF NUVEEN INVESTMENT TRUST; | |

A/74596852.6/2010022-0000328518

| | |
|---|---|
| 1 | NUVEEN NWQ LARGE-CAP VALUE FUND, A SERIES OF NUVEEN |
| 2 | INVESTMENT TRUST; NUVEEN NWQ MULTI-CAP VALUE FUND, A SERIES |
| 3 | OF NUVEEN INVESTMENT TRUST; NUVEEN SANTA BARBARA |
| 4 | DIVIDEND GROWTH FUND, A SERIES OF NUVEEN INVESTMENT |
| 5 | TRUST II; NUVEEN QUALITY PREFERRED INCOME FUND; |
| 6 | NUVEEN MULTI-STRATEGY INCOME AND GROWTH FUND 2; |
| 7 | NUVEEN QUALITY PREFERRED INCOME FUND 2; NUVEEN QUALITY |
| 8 | PREFERRED INCOME FUND 3; NUVEEN MULTI-STRATEGY |
| 9 | INCOME AND GROWTH FUND; SUNAMERICA ASSET |
| 10 | MANAGEMENT CORP.; STRATEGIC MULTI-ASSET PORTFOLIO, A SERIES |
| 11 | OF ANCHOR SERIES TRUST; FOCUS GROWTH PORTFOLIO, A SERIES OF |
| 12 | SEASONS SERIES TRUST; LARGE CAP COMPOSITE PORTFOLIO |
| 13 | (MERGED INTO THE LARGE CAP GROWTH PORTFOLIO, A SERIES OF |
| 14 | SEASONS SERIES TRUST), A SERIES OF SEASONS SERIES TRUST; LARGE |
| 15 | CAP GROWTH PORTFOLIO, A SERIES OF SEASONS SERIES TRUST; LARGE |
| 16 | CAP VALUE PORTFOLIO, A SERIES OF SEASONS SERIES TRUST; STOCK |
| 17 | PORTFOLIO, A SERIES OF SEASONS SERIES TRUST; FOCUSED VALUE |
| 18 | PORTFOLIO (RENAMED SUNAMERICA STRATEGIC VALUE |
| 19 | PORTFOLIO), A SERIES OF SUNAMERICA FOCUSED SERIES, |
| 20 | INC. (RENAMED SUNAMERICA SERIES, INC.); EQUITY INDEX |
| 21 | PORTFOLIO, A SERIES OF SUNAMERICA SERIES TRUST; MFS |
| 22 | TOTAL RETURN PORTFOLIO, A SERIES OF SUNAMERICA SERIES |
| 23 | TRUST; ASSET ALLOCATION FUND, A SERIES OF VALIC COMPANY I; |
| 24 | BLUE CHIP GROWTH FUND, A SERIES OF VALIC COMPANY I; |
| 25 | DIVIDEND VALUE FUND, A SERIES OF VALIC COMPANY I; STOCK |
| 26 | INDEX FUND, A SERIES OF VALIC COMPANY I; T. ROWE PRICE |
| 27 | ASSOCIATES, INC.; T. ROWE PRICE EQUITY INCOME FUND; T. ROWE |
| 28 | PRICE GROWTH STOCK FUND; T. |

ROWE PRICE VALUE FUND; T. ROWE PRICE BLUE CHIP GROWTH FUND; T. ROWE PRICE EQUITY INCOME PORTFOLIO; T. ROWE PRICE EQUITY INDEX 500 FUND; T. ROWE PRICE PERSONAL STRATEGY GROWTH FUND; T. ROWE PRICE PERSONAL STRATEGY BALANCED FUND; T. ROWE PRICE FINANCIAL SERVICES; T. ROWE PRICE GROWTH & INCOME FUND; T. ROWE PRICE NEW AJJERICA GROWTH FUND; T. ROWE PRICE PERSONAL STRATEGY INCOME FUND; T. ROWE PRICE CAPITAL OPPORTUNITY FUND; T. ROWE PRICE BLUE CHIP GROWTH PORTFOLIO; T. ROWE PRICE NEW INCOME FUND; T. ROWE PRICE PERSONAL STRATEGY BALANCED PORTFOLIO; T. ROWE PRICE SHORT-TERM BOND FUND; T. ROWE PRICE TOTAL EQUITY MARKET INDEX FUND; T. ROWE PRICE NEW AMERICA GROWTH PORTFOLIO; T. ROWE PRICE BALANCED FUND; T. ROWE PRICE INSTITUTIONAL U.S. STRUCTURED RESEARCH FUND; T. ROWE PRICE INSTITUTIONAL LARGE-CAP CORE GROWTH FUND; T. ROWE PRICE INFLATION FOCUSED BOND FUND; T. ROWE PRICE GEORGIA TAX-FREE BOND FUND; T. ROWE PRICE EQUITY INDEX 500 PORTFOLIO; T. ROWE PRICE LIMITED-TERM BOND PORTFOLIO; T. ROWE PRICE STRUCTURED RESEARCH COMMON TRUST FUND; T. ROWE PRICE EQUITY INCOME TRUST; T. ROWE PRICE EQUITY INDEX TRUST; T. ROWE PRICE STABLE VALUE COMMON TRUST FUND; T. ROWE PRICE GROWTH AND INCOME TRUST; ALASKA LARGE-CAP TRUST; T. ROWE PRICE MANAGED BOND COMMON TRUST FUND; T. ROWE PRICE GROWTH STOCK TRUST; T. ROWE PRICE BOND INDEX TRUST; ALASKA MONEY MARKET TRUST; ALASKA INTERNATIONAL TRUST; TEACHER RETIREMENT SYSTEM OF TEXAS; TEACHERS INSURANCE AND ANNUITY ASSOCIATION - COLLEGE RETIREMENT SERVICES; COLLEGE

A/74596852.6/2010022-0000328518

RETIREMENT EQUITIES FUND EQUITY INDEX ACCOUNT; COLLEGE RETIREMENT EQUITIES FUND GLOBAL EQUITIES ACCOUNT; COLLEGE RETIREMENT EQUITIES FUND STOCK ACCOUNT; TIAA-CREF ASSET MANAGEMENT COMMINGLED FUNDS TRUST I LARGE CAP VALUE FUND; TIAA SEPARATE ACCOUNT VA-1 STOCK INDEX ACCOUNT; TIAA-CREF FUNDS EQUITY INDEX FUND; TIAA CREF FUNDS LARGE-CAP VALUE FUND; TIAA-CREF FUNDS LARGE-CAP VALUE INDEX FUND; TIAA-CREF FUNDS S&P 500 INDEX FUND; TIAA-CREF LIFE FUNDS LARGE-CAP VALUE FUND; TIAA-.CREF LIFE FUNDS STOCK INDEX FUND; CALIFORNIA PUBLIC EMPLOYEES' RETIREMENT SYSTEM; BLACKROCK FINANCIAL MANAGEMENT, INC.; OBSIDIAN MASTER FUND TRUST; AUSGLEICHSFONDS DER ALTERS - UND HINTERLASSENENVERSICHERUNG; MASTER S&P 500 INDEX SERIES OF QUANTITATIVEMASTERSERIES TRUST; EQUITY INDEX TRUST; LARGE CAP VALUE INDEX TRUST OF QA COLLECTIVE TRUST SERIES; RUSSELL 1000 ALPHA TILTS FUND B; EQUITY INDEX FUND; ALPHA TILTS FUND B; iSHARES S&P 500 INDEX FUND; iSHARES RUSSELL 1000 VALUE FUND; RUSSELL 1000 INDEX FUND; RUSSELL 1000 VALUE FUND; RUSSELL 1000 ALPHA TILTS BL; ACTIVE STOCK FUND E; ASCENT LIFE US EQUITY FUND; iSHARES S&P 500 GROWTH FUND; BARCLAYS INTERNATIONAL FUNDS - USA EQUITY FUND; RUSSELL 1000 VALUE FUND B; RUSSELL 3000 INDEX FUND; US ALPHA TILTS TOKYO PENSION CLIENTS; NC R3000 TILTS SEP ACCT; RUSSELL 1000 VALUE ALPHA TILTS FUND B; EQUITY INDEX FUND B; LARGE CAPITALIZATION CORE TILTS FUND B; U.S. EQUITY MARKET FUND B; ACTIVE STOCK MASTER PORTFOLIO; OMERS RUSSELL 1000 ENHANCED INDEX MANDATE; BLACKROCK CDN US ALPHA TILTS

| | |
|---|---|
| 1<br>2<br>3<br>4<br>5<br>6<br>7<br>8 | NON-TAXABLE FUND; FMC-US R3000 ALPHA TILTS U/A; iSHARES RUSSELL 1000 INDX FUND; BLACKROCK CDN US EQUITY INDEX NON-TAXABLE FUND; iSHARES RUSSELL 3000 INDEX FUND; iSHARES DOW JONES US FINANCIAL SECTOR INDEX FUND; CDP ALPHA TILTS SEPARATE ACCOUNT; MSCI U.S. EQUITY INDEX FUND B; NZ SUPER US TILTS; LUCENT EQ INDX SEP ACCT; AQUILA LIFE US EQUITY INDEX FUND; and ASCENT LIFE US EQUITY FUND, |
| 9 | Plaintiffs, |
| 10 | v. |
| 11<br>12<br>13<br>14 | COUNTRYWIDE FINANCIAL CORPORATION, COUNTRYWIDE CAPITAL V, BANK OF AMERICA CORPORATION, ANGELO R. MOZILO, DAVID SAMBOL, ERIC P. SIERACKI, and KPMG LLP, |
| 15 | Defendants. |

A/74596852.6/2010022-0000328518

REPLY MEMORANDUM IN SUPPORT OF KPMG'S REQUEST FOR JUDICIAL NOTICE

Case No. CV11-06239 MRP (MANx)

## I. INTRODUCTION

Plaintiffs argue that it is improper for the Court to take judicial notice of (1) the Securities and Exchange Commission's ("SEC") Motion in Limine No. 4, filed in *S.E.C. v. Mozilo, et al.*, Case No. CV 09-3994 JFW (MANx) (C.D. Cal.) (Dkt. No. 374) (KPMG LLP ("KPMG") Request for Judicial Notice ("RJN"), Ex. 1); (2) the Financial Accounting Standards Board's ("FASB") Statement of Financial Accounting Standards No. 154 (KPMG RJN, Ex. 2); and (3) the fact that Countrywide Financial Corporation's ("Countrywide") annual financial statements for the fiscal years ending December 31, 2004, December 31, 2005 and December 31, 2006 have not been restated (KPMG RJN, Fact 1).[1]  Plaintiffs' arguments lack merit.

Plaintiffs argue that KPMG's requests "have no relevance to the sufficiency of the allegations of the Complaint" or "ask[] the Court to draw improper inferences."  Opp. to RJN at 1.  These arguments, however, are irrelevant as to whether the Court may properly take judicial notice of the documents and facts.  Moreover, KPMG is permitted to interpret the documents and facts and make arguments based on them.  *See, e.g.*, *In re Int'l Rectifier Corp. Sec. Litig.*, No. CV07-02544-JFWVBKX, 2008 WL 4555794, at *1 n.1 (C.D. Cal. May 23, 2008) (granting judicial notice and stating that "[t]he court does not read defendants' requests as asking the court to take judicial notice of irrelevant facts or the truth of disputed facts.  Rather, Plaintiffs' dispute appears to be with the arguments defendants make in reliance on certain of the submitted documents").  Thus, because Plaintiffs' arguments are meritless, the Court should grant KPMG's request for judicial notice in its entirety.

---

[1] The remainder of KPMG's Request for Judicial Notice is unopposed.

## II. THE COURT MUST CONSIDER DOCUMENTS INCORPORATED INTO THE COMPLAINT OR SUBJECT TO JUDICIAL NOTICE IN RULING ON KPMG'S MOTION TO DISMISS

Judicial notice is appropriate at the motion to dismiss stage.  The United States Supreme Court has held that "courts *must* consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (emphasis added); *see also, e.g.*, *In re Thornburg Mortg., Inc. Sec. Litig.*, 695 F. Supp. 2d 1165, 1188 (D.N.M. 2010) ("In addition to the complaint's allegations, a court *must* consider any documents incorporated by reference into the complaint, as well as matters of which a court may take judicial notice.") (emphasis added).

## III. ALL OF THE DOCUMENTS AND FACTS AT ISSUE ARE PROPERLY SUBJECT TO JUDICIAL NOTICE

In its Request for Judicial Notice, KPMG established that the Court may properly take judicial notice of the requested documents and facts.  Plaintiffs' arguments in their Opposition to KPMG's Request for Judicial Notice are meritless.

### A. This Court May Take Judicial Notice Of The SEC's Motion In Limine

Plaintiffs do not dispute that the SEC's Motion in Limine is not subject to reasonable dispute in that the document is capable of accurate and ready determination by a resort to sources whose accuracy cannot reasonably be questioned.  *See* RJN Opp. at 2-4.  Plaintiffs also do not dispute the authenticity of the document, nor do they claim that KPMG misquotes the Motion in Limine in its Request for Judicial Notice.  *Id.*  Plaintiffs also do not dispute the existence of the document or that the SEC made the statements set forth in the document.  *Id.*

1  Thus, judicial notice is proper.  *See*  Fed. R. Evid. 201(b)*; see also* KPMG's
2  Request for Judicial Notice at 4 (citing various courts taking judicial notice of SEC
3  pleadings).
4       Plaintiffs only oppose judicial notice of the SEC's Motion in Limine because
5  they want to cherry-pick allegations from the *SEC v. Mozilo* action without
6  allowing KPMG to clarify what the SEC did and did not allege in that action.  RJN
7  Opp. at 2-4.  Plaintiffs' Complaint contains numerous references to the SEC's
8  Complaint in *SEC v. Mozilo*, which, notably, did not name KPMG as a defendant.
9  *See, e.g.*, Compl. ¶¶ 11, 17, 19-20.  Moreover, Plaintiffs allege that they base their
10 "information and belief" allegations against Defendants, in part, on the *SEC v.
11 Mozilo* action:  "Plaintiffs' information and belief as to allegations concerning
12 matters other than themselves and their own acts is based upon . . . review and
13 analysis of documents and information . . . in the related case brought by the SEC
14 against the Officer Defendants, *SEC v. Mozilo* . . . ."  Compl. ¶ 2.  Plaintiffs simply
15 cannot have a one-sided selection of pleadings and allegations from the SEC action
16 in an attempt to lend credence to their allegations against various Defendants
17 without allowing KPMG to clarify that the SEC, in that exact same case,
18 emphasized that it "has not alleged that any of the quantitative data set forth in
19 Countrywide's financial statements was inaccurate or misreported. . . .  Nor has the
20 [SEC] alleged that Countrywide's accounting failed to conform to GAAP."
21 KPMG RJN, Ex. 1.
22      Preventing such cherry-picking by Plaintiffs here is precisely the reason that
23 courts consider the full text of documents that are referenced in a plaintiff's
24 complaint.  *See, e.g.*, *In re CNET Networks, Inc.*, 483 F. Supp. 2d 947, 953, 966
25 (N.D. Cal. 2007) (holding that "[o]n considering a motion to dismiss, judicial
26 notice of the full text of documents referenced in a complaint is proper under the
27 doctrine of incorporation by reference. . . .  Plaintiffs are not entitled to pick and
28 choose which of defendants' statements in public documents favor them and have

1  all others ignored"); *In re Zoran Corp. Deriv. Litig.,* 511 F. Supp. 2d 986, 1001
2  (N.D. Cal. 2007) ("Plaintiff cannot be allowed to exclude the rest of the Form 10K
3  because he wishes to pick and choose which statements should be considered.");
4  *Benak v. Alliance Capital Mgmt. L.P.*, 349 F. Supp. 2d 882, 888 n. 8 (D.N.J. 2004)
5  ("The Complaint explicitly identifies plaintiffs' reliance on 'relevant articles that
6  appeared in newspapers, magazines and other publications.'  Consequently,
7  plaintiffs have brought that universe of 'relevant articles' within the Court's
8  purview for purposes of this motion.") (citations omitted).  Similarly, here,
9  Plaintiffs cannot rely on some portions of the pleadings in the *SEC v. Mozilo* action
10  while excluding others.

11        Plaintiffs also assert that "KPMG asks the Court to consider statements in
12  the SEC's motion as evidence that KPMG did not make any material
13  misstatements, asserting that the SEC conducted an examination and 'has not
14  alleged that any of the quantitative data set forth in Countrywide's financial
15  statements was inaccurate or misreported . . . .'"  RJN Opp. at 2.  But this
16  mischaracterizes KPMG's argument.  KPMG does not contend that the SEC's
17  decision not to allege GAAP violations, by itself, proves that KPMG made no
18  material misstatements.  *See* KPMG's Reply in Supp. of Mot. to Dismiss at 19-20.
19  However, given that Plaintiffs repeatedly rely on the SEC's allegations in support
20  of their claims against various Defendants, they cannot reasonably argue, at the
21  same time, that KPMG cannot clarify that the SEC stated, in that same action, that
22  it has not asserted that Countrywide's financial statements violated GAAP.

23        In other words, KPMG does not request judicial notice for the truth of the
24  matter asserted in the SEC's motion in limine but, rather, KPMG requests judicial
25  notice of the statement by the SEC clarifying what it has and has not alleged in the
26  *SEC v. Mozilo* action.  Courts in securities cases routinely cite a governmental
27  entity's action or lack thereof in support of findings on motions to dismiss.  *See,*
28  *e.g.*, *In re 2007 Novastar Fin., Inc.*, No. 07-0139-CV-W-ODS, 2008 WL 2354367,

1  at *3 (W.D. Mo. June 4, 2008) ("[I]t is noteworthy that nobody – the SEC, [the
2  company's] auditors, or anyone else – has suggested [the company] should or must
3  restate its financial reports."), *aff'd*, 579 F.3d 878, 881 (8th Cir. 2009); *In re*
4  *Fannie Mae 2008 Sec. Litig.*, 742 F. Supp. 2d 382, 408 (S.D.N.Y. 2010)
5  (dismissing accounting claims and noting that "only the Plaintiffs contend that
6  Fannie committed these GAAP violations -- federal regulators have never claimed
7  any violation. . . .  Further, the FHFA has since scrutinized Fannie's financials and
8  has never asked for a restatement of any of its financials for the Class Period")
9  (citations omitted); *In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d 965, 987
10 (N.D. Cal. 2007) (dismissing claims after balancing competing inferences and
11 noting that there was no restatement and that even though the IRS opened an
12 investigation into the company's accounting, "there are no allegations that the IRS
13 has found any wrongdoing"); *see also In re Hutchinson Tech., Inc. Sec. Litig.,* 536
14 F.3d 952, 960 (8th Cir. 2008) (dismissing claims where company "ha[d] never
15 restated its financials, and there are no people, documents, or sources that say [its]
16 numbers were false"); *Waterford Twp. Gen. Emps. Ret. Sys. v. Suntrust Banks,*
17 *Inc.,* No. 1:09-CV-617-TWT, 2010 WL 3368922, at *2 (N.D. Ga. Aug. 19, 2010)
18 (dismissing claim alleging fraudulently low loan loss reserves where "[t]he
19 Plaintiff does not allege that anyone—other than the Plaintiff—has said that [the
20 bank] should restate its financial reports").
21       In sum, none of Plaintiffs' arguments are relevant to a determination of
22 whether the SEC's Motion in Limine is properly subject to judicial notice.  The
23 SEC's Motion in Limine is not subject to reasonable dispute in that the document
24 is capable of accurate and ready determination by a resort to sources whose
25 accuracy cannot reasonably be questioned.  Accordingly, this Court should grant
26 KPMG's Request for Judicial Notice for Exhibit 1, the SEC's Motion in Limine.
27
28

**B.     The Court May Take Judicial Notice Of Statement Of Financial Accounting Standards No. 154**

Plaintiffs' arguments in opposition to the Court taking judicial notice of Statement of Financial Accounting Standards No. 154 ("SFAS 154") similarly lack merit.  Plaintiffs do not argue that Exhibit 2 is not a true, correct and accurate copy of SFAS 154.  Plaintiffs also do not argue that the content of SFAS 154 is reasonably subject to dispute or its contents not capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.  *See* Fed. R. Evid. 201(b).  Further, Plaintiffs do not even attempt to dispute the authority cited in KPMG's Request for Judicial Notice establishing that the Court may take judicial notice of FASB publications, including SFAS 154.  *See, e.g.*, *In re Int'l Rectifier Corp. Sec. Litig.*, 2008 WL 4555794, at *1 n.1 (taking judicial notice of FASB 154); *see also* RJN at 6 (citing additional cases).

Instead, like the plaintiffs in *In re Int'l Rectifier*, Plaintiffs here attack the arguments they assert KPMG is making with regard to SFAS 154 rather than whether it is subject to judicial notice.  2008 WL 4555794, at *1 n.1; RJN Opp. at 4-5.  Thus, like in *In re Int'l Rectifier*, the Court here should grant KPMG's request for judicial notice.  *See* 2008 WL 4555794, at *1 n.1 (granting judicial notice and stating that "[t]he court does not read defendants' requests as asking the court to take judicial notice of irrelevant facts or the truth of disputed facts.  Rather, Plaintiffs' dispute appears to be with the arguments defendants make in reliance on certain of the submitted documents").  KPMG requests that the Court take judicial notice of the undisputed text of SFAS 154, for which Plaintiffs do not and cannot dispute that judicial notice is proper.

**C.     The Court May Take Judicial Notice Of The Fact That Countrywide Has Not Restated Its 2004, 2005 And 2006 Financial Statements**

Although Plaintiffs oppose KPMG's request that the Court take judicial

1  notice of the fact that Countrywide has not restated its 2004-2006 financial
2  statements, Plaintiffs do not argue that this fact is disputed. Nor do Plaintiffs claim
3  that it is not the proper subject of judicial notice. Again, Plaintiffs do nothing more
4  than argue that this "does not prove that [Countrywide] did not violate the federal
5  securities laws." RJN Opp. at 6. But this is an argument that Plaintiffs can, and
6  do, make in their Opposition to KPMG's Motion to Dismiss. *See* Opp. at 11. It is
7  not a valid argument against judicially noticing this fact.

8  As explained in KPMG's Request for Judicial Notice, numerous courts have
9  specifically noted the lack of a restatement in dismissing accounting claims in a
10 securities case. *See, e.g.*, *In re 2007 Novastar*, 2008 WL 2354367, at *3
11 (dismissing claims and noting that there has been no restatement); *Fannie Mae*,
12 742 F. Supp. 2d at 408 (dismissing accounting claims and noting the lack of a
13 restatement during the class period); *Zucco Partners, LLC v. Digimarc Corp.*, 552
14 F.3d 981, 998 n.5 (9th Cir. 2009) (dismissing claims and reasoning that "[i]t is also
15 notable that despite the many allegations in the SAC relating to Digimarc's
16 fraudulent use of inventory reserves the corporation did not restate inventory
17 reserves when it formally published its restatement on April 5, 2005"), *as amended*
18 (Feb. 10, 2009); *In re Levi Strauss & Co. Sec. Litig.*, 527 F. Supp. 2d at 987
19 (dismissing claims after balancing competing inferences and noting that there was
20 no restatement and that even though the IRS opened an investigation into the
21 company's accounting, "there are no allegations that the IRS has found any
22 wrongdoing"); *In re Hutchinson Tech., Inc. Sec. Litig.,* 536 F.3d 952 at 960
23 (dismissing claims where company "ha[d] never restated its financials, and there
24 are no people, documents, or sources that say [its] numbers were false");
25 *Waterford Twp. Gen. Emps. Ret. Sys.,* 2010 WL 3368922, at *2 (dismissing claim
26 alleging fraudulently low loan loss reserves where "[t]he Plaintiff does not allege
27 that anyone—other than the Plaintiff—has said that [the bank] should restate its
28 financial reports"); *see also S.E.C. v. Berry*, No. C-07-04431 RMW, 2008 WL

4065865, at *7 (N.D. Cal. 2008) (taking judicial notice of restatement).[2]

Accordingly, for the reasons set forth above and in KPMG's Request for Judicial Notice and because Plaintiffs do not dispute that Countrywide's 2004-2006 financial statements have never been restated, KPMG respectfully requests that the Court judicially notice this undisputed and readily verifiable fact.

### IV. CONCLUSION

Based on the foregoing, and for the reasons set forth in KPMG's Request for Judicial Notice, KPMG respectfully requests that the Court grant its Request for Judicial Notice.

DATED: December 1, 2011    Respectfully submitted,

Bingham McCutchen LLP


By:       /s/
    J. Warren Rissier
    Attorneys for Defendant KPMG LLP

---

[2] There is little doubt that, had any of Countrywide's financial statements been restated, Defendants and this Court would be hearing about it from Plaintiffs. Thus, Plaintiffs cannot reasonably argue that whether there has been a restatement of Countrywide's financial statements is relevant to the parties' dispute.